NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3004

NICHOLAS S. TROBOVIC,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Nicholas S. Trobovic, of Berwyn, Pennsylvania, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Alan J. Lo Re, Assistant Director, and Robert E. Chandler, Trial Attorney. Of counsel on the brief was F. Allen Phaup, Assistant General Counsel, Office of the General Counsel, General Law Division, United States General Services Division, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3004

NICHOLAS S. TROBOVIC,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated case nos. NY0752070202-C-1,NY0752050347-C-1, PH3443080242-C-1, NY0353070004-C-1, NY0353080118-C-1, NY0353080130-C-1, NY0752080012-C-1, NY3443070005-C-1, and NY0752070003-C-1.

_____

DECIDED: April 8, 2010

_____

Before PROST and MOORE, <u>Circuit Judges</u>, and GUILFORD, <u>District Judge</u>.[*]

PER CURIAM.

## BACKGROUND

Nicholas S. Trobovic appeals the final decision of the Merit Systems Protection Board ("MSPB") denying his petition for enforcement of the settlement agreement between Mr. Trobovic and his former employer, the General Services Administration ("GSA"). We <u>affirm</u>.

---

[*] Honorable Andrew J. Guilford, District Judge, United Sates District Court for the Central District of California, sitting by designation.

Mr. Trobovic filed several appeals to the MSPB in connection with the alleged constructive termination of his employment as a Building Management Specialist. These appeals were consolidated into three sets of cases, and all were referred to the MSPB's Mediation Appeals Process. At mediation, Mr. Trobovic and GSA reached a settlement agreement addressing all of the issues among his several appeals.

The terms of the settlement included Mr. Trobovic's withdrawal, with prejudice, of all of the claims from his consolidated appeals. He agreed not to institute any future claims regarding the issues raised in those appeals, and to withdraw several discrimination claims pending before the Equal Employment Opportunity Commission.

Mr. Trobovic later sought to revoke the withdrawal of his claims related to one set of consolidated appeals, contending that the settlement agreement was unenforceable due to (1) his psychiatric incapacity, (2) mutual mistake, (3) inadequate assistance, (4) an alleged thirty-day grace period in which to repudiate the agreement, and (5) fraud. The administrative judge adjudicating the case found that the settlement agreement was valid and enforceable, and dismissed Mr. Trobovic's reinstated claims for lack of jurisdiction due to settlement. The MSPB adopted that decision and this court subsequently affirmed.

Mr. Trobovic then sought to repudiate the settlement agreement with respect to another set of consolidated appeals, again attacking the enforceability of the settlement agreement. The administrative judge again upheld the settlement agreement and dismissed the case. Mr. Trobovic did not petition MSPB for review, but appealed to this court after the passage of time rendered the administrative judge's decision final. This court affirmed.

Mr. Trobovic then filed nine petitions for enforcement of the settlement agreement. The petitions were consolidated into a single case. In his petitions for enforcement, Mr. Trobovic sought to set aside the settlement agreement on the grounds that it was invalid, and that he was fraudulently induced to sign it. The administrative judge held that Mr. Trobovic's challenge to the validity of the settlement agreement was barred by collateral estoppel, based on the prior adjudications of his consolidated appeals.

Mr. Trobovic also alleged that GSA failed to abide by the terms of the settlement agreement, specifically failing to assist him in filing for disability retirement, and removing him based on a charge of "unavailability for work." The administrative judge heard testimony from a GSA official stating that Mr. Trobovic did not ask for help and did not make use of the resources available to assist him in applying for disability retirement. The administrative judge also noted that the settlement agreement prohibited Mr. Trobovic from contesting the charge of "unavailability for work." The administrative judge concluded that GSA did not fail to perform its obligations under the settlement agreement. The MSPB adopted the position of the administrative judge.

Mr. Trobovic now appeals the disposition of his petitions for enforcement to this court. We have jurisdiction over the appeals from the MSPB pursuant to 5 U.S.C. § 7703(b).

DISCUSSION

This court may set aside decisions of the MSPB that are arbitrary, capricious, abusive of discretion, obtained without procedures required by law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Mr. Trobovic argues to this court that GSA violated the terms of the settlement agreement because GSA agreed to file for disability retirement on his behalf, and failed to do so.[1] Mr. Trobovic explains that according to the settlement agreement, he was terminated for medical unfitness for work. His disability retirement application was denied, however, for lack of medical evidence of unfitness for work. Mr. Trobovic argues that he requested the medical evidence used by GSA to terminate his employment, but that GSA refused to provide the evidence.

The attachments to Mr. Trobovic's brief show that GSA was required to provide specified responses on Mr. Trobovic's disability retirement application. A letter from Mr. Trobovic to the GSA privacy executive shows that Mr. Trobovic requested the relevant medical evidence. In response, he received from the privacy executive instructions on how to formally request his medical records online. The documents show that Mr. Trobovic contacted the Office of Personnel Management ("OPM") and provided OPM with copies of the settlement agreement and the correspondence between GSA and Mr. Trobovic related to Mr. Trobovic's request for medical evidence of his unfitness for duty.

---

[1] Although GSA defends the administrative judge's dismissal of Mr. Trobovic's challenge to the validity of the settlement agreement, it does not appear that Mr. Trobovic raises this issue on appeal. He asserts that the settlement agreement should be vacated, but on the grounds that the settlement agreement was breached by GSA. To the extent that Mr. Trobovic raises the issue, we agree with the MSPB that Mr. Trobovic's challenge to the validity of the settlement agreement is barred by the doctrine of collateral estoppel.

It appears that Mr. Trobovic misunderstands the level of assistance that GSA is required to provide him under the terms of the settlement agreement. The settlement agreement does not state that GSA must provide medical evidence of Mr. Trobovic's unfitness for duty to OPM, or that GSA must file a disability retirement application on Mr. Trobovic's behalf. Cf., e.g., 5 C.F.R. § 831.1205. It is still Mr. Trobovic's responsibility to file the disability retirement application. It is GSA's responsibility to assist him by providing certain specified responses in the application. It is also Mr. Trobovic's responsibility to follow standard procedures in obtaining his medical records to provide OPM the documentation of his disability. There is no evidence that Mr. Trobovic followed the instructions provided in the response to his privacy complaint, in order to formally request the medical evidence he needed for his disability retirement application.

Because Mr. Trobovic has not shown that GSA violated the terms of the settlement agreement by failing to provide the agreed-upon assistance, we affirm the decision of the MSPB denying Mr. Trobovic's petitions for enforcement.

COSTS

Each party shall bear its own costs.